UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ANTHONY FILIPPONE, D.O.                                                                       Plaintiff

v.                                                                              Civil Action No. 4:24-cv-7-RGJ

STANDARD INSURANCE COMPANY                                                        Defendant

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Defendant Standard Insurance Company ("Standard") moves to dismiss Count B and Count D of the complaint. [DE 12]. Plaintiff Anthony Filippone, D.O. ("Filippone") responded and Standard replied. [DE 17; DE 22]. This motion is ripe. For the reasons explained, Standard's motion to dismiss Count B and Count D is **GRANTED**.

**I.      Background**

Filippone filed his complaint in Grayson Circuit Court on December 28, 2023, and Standard timely removed to this Court on January 17, 2024. [DE 1-2 at 14; DE 1-4 at 27]. The complaint alleges four claims: breach of contract (Count A), violation of Kentucky's Unfair Claims Settlement Practices Act ("KUCSPA") (Count B), violation of KRS 304.12-235 (Count C), and breach of the covenant of good faith and fair dealing (Count D). [DE 1-2 at 11–13]. Standard's motion seeks dismissal of Count B and Count D for failure to state a claim under Fed. R. Civ. P. 12(b)(6). [DE 12-1 at 58].

According to the complaint, Filippone has a long-term disability ("LTD") policy with Standard which provides monthly benefits in the event he experiences Total, Presumptive, or Residual Disability. [DE at 1-2 at 8]. After consulting Standard agent Calvin Rasey ("Rasey"), Filippone added an Own Occupation Benefit Rider (the "Rider"), which altered the definition of

"Total Disability" in the policy. [*Id.* at 9]. Due to "permanent" hearing loss which left him "unable to perform . . . the substantial and material duties of an emergency room physician," Filippone submitted a claim under the policy in 2021. [*Id.* at 9–10]. Despite agreeing with that assessment, Standard only provided Filippone with Residual Disability benefits, not Total or Presumptive Disability benefits. [*Id.* at 10].

Standard made this decision because it determined that Filippone's Regular Occupation was working "both as an emergency room physician and family practitioner" because he was "working part-time providing psychiatric medication management services." [*Id.*]. Filippone alleges that his Regular Occupation at the time he filed the claim was only as an emergency room physician. [*Id.* at 9–10]. Filippone purchased the Rider based on Rasey's assurances because he "sought to insure his regular occupation as an emergency room physician." [*Id.* at 10]. He alleges that Standard "knowingly misapplied" the Rider "by changing his regular occupation," "knowingly disregarded" his permanent hearing loss in both ears to deny him Presumptive Disability benefits, and "did not conduct a reasonable investigation." [*Id.* at 11].

**II.     Discussion**

Federal Rule of Civil Procedure 12(b)(6) instructs that a court must dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To properly state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences for the non-moving party. *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d

478, 488 (6th Cir. 2009) (citation omitted).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  "A complaint will be dismissed . . . if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561–64).

### A. KUCSPA

KUCSPA "imposes what is generally known as the duty of good faith and fair dealing owed by an insurer to an insured or to another person bringing a claim under an insurance policy." *Knotts v. Zurich Ins. Co.*, 197 S.W.3d 512, 515 (Ky. 2006) (citing KRS 304.12-230).  To state a claim under KUCSPA, a plaintiff must "meet a high threshold standard that requires evidence of 'intentional misconduct or reckless disregard of the rights of an insured or a claimant' by the insurance company that would support an award of punitive damages." *Phelps v. State Farm Mut. Auto. Ins. Co.*, 736 F.3d 697, 703 (6th Cir. 2012) (quoting *Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993)); *see also United Servs. Auto. Ass'n v. Bult*, 183 S.W.3d 181 (Ky. App. 2003), *as modified* (June 27, 2003).  After this initial showing, a KUCSPA claim requires three elements:

> (1) the insurer must be obligated to pay the claim under the terms of the policy; (2) the insurer must lack a reasonable basis in law or fact for denying the claim; and

> (3) it must be shown that the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed[.]

*Wittmer*, 864 S.W.2d at 890. Thus, "the second and third elements of this test depend on evidence similar to the threshold inquiry." *Phelps*, 736 F.3d at 704 (citing *Cobb King v. Liberty Mut. Inc. Co.*, 54 F. App'x 833, 838 (6th Cir. 2003)).

KUCSPA proscribes "specific unfair practices." *Id.* at 703. Filippone alleges Standard "fail[ed] to comply" with KUCSPA by (1) "knowingly and intentionally misrepresenting Dr. Filippone's regular occupation"; (2) "failing to conduct a reasonable investigation of Dr. Filippone's entitlement to the Total Disability benefits"; (3) "failing to conduct a reasonable investigation of Dr. Filippone's entitlement to the Presumptive disability benefits"; (4) "fail[ing] to promptly and timely resolve his claims"; and (5) "forcing Dr. Filippone to file this lawsuit in order to receive all of his LTD Policy benefits." [DE 1-2 at 12].

Standard first argues that Filippone has failed to allege the required "intentional misconduct or reckless disregard of the rights of an insured or a claimant by the insurance company that would support an award of punitive damages." [DE 12-1 at 58 (quoting *Faith v. Great W. Cas. Co.*, No. 3:20-CV-458-RGJ, 2022 WL 36923, at *2 (W.D. Ky. Jan. 4, 2022))]. Filippone's central dispute with Standard revolves around Standard's decision that (1) he qualified for Residual Disability instead of Total Disability because of Standard's interpretation of his Regular Occupation and (2) he did not qualify as Presumptively Totally Disabled. He emphasizes that the Rider was meant to "insure his regular occupation as *an emergency room physician*." [DE 17 at 126 (emphasis in original)].

The complaint's assertion that Standard denied Filippone Total Disability benefits and Presumptive Total Disability benefits is not enough to plausibly allege bad faith. The factual

allegations Filippone points to in his response merely outline Standard's interpretation of the policy and its application to Filippone's claim. [DE 17 at 131–32]. The complaint itself alleges that at the time Fillipone's disability began, he was "also working part-time providing psychiatric medication management services." [DE 1-2 at 10]. Filippone asserts that his Regular Occupation was solely an emergency medicine physician, but the policy's definition of "Regular Occupation" is "Your occupation at the time Disability begins. If You have limited Your practice to a professionally recognized specialty in medicine or law, the specialty will be deemed to be Your Regular Occupation."[1] [DE 12-2 at 73]. Standard argues its decision on Filippone's claim properly relied on this definition because he had "not limited his practice to any particular specialty" but was "providing medical services 'both as an emergency room physician and family practitioner.'" [DE 22 at 168 (citing DE 1-2 at ¶¶ 22, 23)]. As to its determination that Filippone did not qualify for Presumptive Total Disability benefits, Standard points out that Filippone alleges permanent hearing loss, but not *total* hearing loss. [DE 22 at 168]. The policy requires "*total* and permanent loss . . . of . . . Hearing in both ears, not restorable by hearing aids." [DE 12-2 at 73 (emphasis added)].

While Filippone may disagree with these policy determinations, he alleges no facts plausibly stating a claim that they were made in bad faith. The Court agrees that the complaint "alleges simply a routine insurance coverage dispute," [DE 12-1 at 61], and is "void of any factual enhancements . . . that meet the high threshold for bad faith claims under Kentucky common law and [K]UCSPA." *Cline v. Prudential Ins. Co. of Am.*, No. 3:14-CV-728-DJH, 2015 WL 5634637,

---

[1] The Court can appropriately consider the policy definitions because "[i]n ruling on a motion to dismiss, a court may consider . . . documents attached to the motion to dismiss that are referred to in the complaint and are central to the plaintiff's allegations, even if not explicitly incorporated by reference[.]" *Smith v. Bd. of Trs. Lakeland Cmty. Coll.*, 746 F. Supp. 2d 877, 889 (N.D. Ohio 2010) (citing *Whittiker v. Deutsche Bank Nat'l Tr. Co.*, 605 F.Supp.2d 914, 924–25 (N.D. Ohio 2009)).

at *2 (W.D. Ky. Sept. 24, 2015). As a result, because no facts in the complaint point to intentional misconduct or reckless disregard of Filippone's rights under the LTD policy, the motion to dismiss Count B is **GRANTED**.

### B. Common Law Bad Faith

The same threshold inquiry that applies to Count B also applies to Count D. *See Hollaway v. Direct Gen. Ins. Co. of Miss., Inc.*, 497 S.W.3d 733, 739 (Ky. 2016) ("The tort of bad faith is non-existent under our law, unless the underlying conduct is sufficient to warrant punitive damages."); *Mosley v. Arch Specialty Ins. Co.*, 626 S.W.3d 579, 585 (Ky. 2021) ("[T]he plaintiff's complaint must sufficiently allege that the insurance company acted outrageously towards her."); *Gale v. Liberty Bell Agency, Inc.*, 911 F. Supp. 2d 488 (W.D. Ky. 2012). Accordingly, because Filippone's KUCSPA claim fails the threshold inquiry, so too does his Kentucky common law bad faith claim. *See Cline*, 2015 WL 5634637, at *2–3 (dismissing "claims for bad faith and for violations of the [K]UCSPA" because plaintiff failed "to allege facially plausible facts that meet the high threshold for bad faith claims under Kentucky common law and the [K]UCSPA"). Accordingly, for the same reasons as Count B, the motion to dismiss Count D is **GRANTED**.

### III. Conclusion

For the reasons explained, and the Court being otherwise sufficiently advised, Standard's motion to dismiss is **GRANTED**. Accordingly, it is **ORDERED** that:

1. Count B and Count D of the complaint are **DISMISSED**.

2. Count A and Count C remain pending.

Rebecca Grady Jennings, District Judge
United States District Court

cc: counsel of record

May 17, 2024